Edward G. Baker, J.
On November 13, 1956, the court rendered its decision in this matter directing that the remaining funds and assets of Richmond County Society, etc., a dissolved charitable membership corporation, be distributed equally to The Children’s Aid Society, Inc., and Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children.
The Staten Island Mental Health Society, one of the inter-veners, which was represented at the hearings and participated therein, moves for an order: (1) directing a new trial, or in the alternative, (2) directing a further trial for the purpose of permitting it to introduce additional and new evidence, and (3) granting reconsideration and reargument.
*125 The grounds upon which the application is based are:
(a) That the death of the reporter, whose notes taken at the trial were not transcribed, requires a new trial;
(b) That since the hearings, the moving party has greatly changed and enlarged its activities and functions, and
(c) No hearing was held as to the appropriateness of the application of funds which fell to the dissolved society by the will of Theodore Spratt, probated after the conclusion of the hearings.
The grounds urged in support of this application will be considered in the order stated.
(a) The reporter who took the minutes of the hearings died several months thereafter. His notes were not transcribed. It is argued that the Mental Health Society is entitled to a new trial since it is unable to appeal without a record. This position is untenable. The parties may make a record on appeal from the testimony of witnesses, as disclosed by affidavits or otherwise, and the judgment roll, and settle the record on appeal before the Trial Justice, with the aid of his minutes. (Kay v. Kay, 277 App. Div. 797; 6 Carmody on New York Practice, § 256.)
(b) The changing, enlargement, or broadening of the functions and purposes of the movant subsequent to the conclusion of the hearings afford no valid basis for the granting of a new trial. There is no claim nor any showing of ‘ ‘ newly discovered evidence ” sufficient to warrant the granting of the relief sought. (4 Carmody on New York Practice, § 1433 et seq.)
(c) It was unnecessary that evidence be taken at the hearings with respect to the appropriateness of the application of funds which, upon certain contingencies, might fall to the dissolved society under the will of Theodore Spratt. Subdivision 5 of section 56 of the Membership Corporations Law provides in part: ‘ ‘ Any devise, bequest, gift or grant contained in any will or other instrument, in trust or otherwise, made before or after the dissolution to or intended for the benefit of any corporation so dissolved shall inure to or for the benefit of the corporation or association acquiring the assets of the dissolved corporation under the preceding sentence hereof, and so far as is necessary for that purpose the corporation acquiring the assets shall be deemed to be a successor to the dissolved corporation; provided, however, that all such devises, bequests, gifts or grants shall be devoted by the acquiring corporation to the purposes intended by the devisor, testator, donor or grantor.” (As amd. by L. 1948, ch. 788, eff. April 5, 1948.)
*126 This court has held that the Mission of the Immaculate Virgin and The Children’s Aid Society are the successors of the dissolved corporation. As such, they are entitled to share equally in the Spratt legacy.
The application is, in all respects, denied.